# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**KASTER LADURRYL TEZINO**<br>aka Lemar Powell;<br>aka Kas Khomain;<br>aka David Lucas<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **2:10CR00344-01**<br><br>Alexandra Negin, Asst. Federal Defender<br>Defendant's Attorney |

**THE DEFENDANT:**
[✔] admitted guilt to violation of charge(s) 2 and 7 as alleged in the violation petition filed on 6/29/2011.
[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 2 | TRAVEL OUTSIDE THE DISTRICT WITHOUT PRIOR PERMISSION OF THE PROBATION OFFICER | May 29, 2011 through June 24, 2011 |
| 7 | ASSOCIATION WITH A KNOWN FELON WITHOUT THE PRIOR PERMISSION OF THE PROBATION OFFICER | June 7, 8, 2010; July 24, 25, 2010, September 1, 3, 5, 9 and 26, 2010; and December 5, 2010. |

The court: [✔ revokes: [ modifies: [ continues under same conditions of supervision heretofore ordered on 7/1207

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔ Charges 1, 3, 4, 5, 6 and 8 are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

December 12, 2011
Date of Imposition of Sentence

*/s/ William B. Shubb*
Signature of Judicial Officer

**WILLIAM B. SHUBB**, United States District Judge
Name & Title of Judicial Officer

December 19, 2011
Date

CASE NUMBER:        2:10CR00344-01  Judgment - Page 2 of 6
DEFENDANT:         KASTER LADURRYL TEZINO; aka Lemar Powell; aka Kas Khomain; aka David Lucas

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  eleven (11) months.

[✔]     The court makes the following recommendations to the Bureau of Prisons:  The Court recommends that the defendant be incarcerated at an institution in the state of California, but only insofar as this recommendation accords with security classification and space availability.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[       The defendant shall surrender to the United States Marshal for this district.
        [   at _ n _
        [   as notified by the United States Marshal.

[       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [   before _ on _
        [   as notified by the United States Marshal.
        [   as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

        Defendant delivered on_____  to _____
at _____ , with a certified copy of this judgment.


                                                        _____
                                                        UNITED STATES MARSHAL


                                                 By     _____
                                                        Deputy U.S.  Marshal

CASE NUMBER:          2:10CR00344-01                                                              Judgment - Page 3  of  6
DEFENDANT:            KASTER LADURRYL TEZINO; aka Lemar Powell; aka Kas Khomain; aka David Lucas

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  forty-nine (49) months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[       ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[       ]    The defendant shall submit to the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[       ]    The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student.  (Check, if applicable.)

[       ]    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 2:10CR00344-01  Judgment - Page 4 of 6
DEFENDANT: KASTER LADURRYL TEZINO; aka Lemar Powell; aka Kas Khomain; aka David Lucas

## SPECIAL CONDITIONS OF SUPERVISION

1. The offender shall provide the probation officer with access to any requested financial information.

2. The offender shall not open additional lines of credit without the approval of the probation officer.

3. As directed by the probation officer, the offender shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

4. As directed by the probation officer, the offender shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

5. As directed by the probation officer, the offender shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

6. The offender shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The offender shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request.

7. The offender shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The offender shall warn any other residents that the premises may be subject to searches pursuant to this condition.

8. The offender shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

9. The offender shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The offender is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the offender is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18.

10. The offender shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the offender. The offender consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The offender consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

    The offender consents to having installed on any computer, computer-related device, and equipment, at the offender's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The offender consents to not installing new hardware without the prior approval of the probation officer.

11. The offender shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

12. The offender shall provide all requested business/personal phone records to the probation officer. The offender shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The offender shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider. The offender shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

13. The offender's residence shall be pre-approved by the probation officer. The offender shall not reside in direct view of places such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release    Case 2:10-cr-00344-WBS    Document 15    Filed 12/20/11    Page 5 of 6

CASE NUMBER:        2:10CR00344-01                                                                                                    Judgment - Page 5 of 6
DEFENDANT:          KASTER LADURRYL TEZINO; aka Lemar Powell; aka Kas Khomain; aka David Lucas

14. The offender shall be monitored for a period of 6 months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The offender shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as determined by the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community shall be restricted as follows: The offender shall be restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

15. The offender shall not associate with anyone known to be involved in the prostitution business.

16. The offender shall not have contact with the victim "L" and her family, and the probation officer will verify compliance.

17. The offender shall register, as required in the jurisdiction in which he resides, as a sex offender.

CASE NUMBER: 2:10CR00344-01 Judgment - Page 6 of 6
DEFENDANT: KASTER LADURRYL TEZINO; aka Lemar Powell; aka Kas Khomain; aka David Lucas

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $ | $ | $ |

[ ] The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS: | $ | $ | |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived for the    [ ] fine    [ ] restitution

   [ ] The interest requirement for the    [ ] fine  [ ] restitution is modified as follows:

[ ] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔] If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.